JUSTICE O’MALLEY, specially concurring: Under the facts as the trial court and the majority resolve them, there is no question that Riddell’s removing defendant from the dance constituted “an authorized act within [Riddell’s] official capacity,” so that, regardless of how Riddell’s actions may be classified, defendant’s conduct supports a conviction of resisting a peace officer (720 ILCS 5/31 — 1(a) (West 2008)). The only reason the trial court and the majority require Riddell’s actions to have amounted to an “arrest” is that the charging instrument described the authorized act that defendant resisted as Riddell’s “arrest of [defendant]” on the date of the dance event. As the majority notes, an “arrest” occurs when a person’s freedom of movement is restrained by physical force or a show of authority, and the test for determining whether a suspect has been arrested is whether, in light of the surrounding circumstances, a reasonable, innocent person would have considered himself free to leave. 404 Ill. App. 3d at 227, citing Washington, 363 Ill. App. 3d at 23; see also In re J.W., 274 Ill. App. 3d 951, 957-58 (1995) (“A person has been arrested when his or her freedom of movement has been restrained by means of physical force or a show of authority”). Thus, the word “arrest” is, at least for fourth amendment purposes, “synonymous with” the concept of a seizure. J.W., 274 Ill. App. 3d at 957. Under these definitions, the word “arrest” exactly describes Riddell’s interaction with defendant from the point he took defendant’s arm and ordered him to leave. The complaint could have said that defendant resisted Riddell’s lawful act, “to wit, Riddell’s use of force to control defendant’s movement,” or it could have just used the shorthand “arrest” to describe the same thing. I see no problem with the State’s choosing the latter option. Accordingly, I disagree with the majority that we must determine precisely when defendant was placed under formal arrest. I would hold that, regardless of whether defendant was formally arrested when he pushed Riddell, he was arrested in the sense that he was seized when he pushed Riddell. The approach of requiring a formal arrest departs from the above definition of “arrest” and introduces unnecessary confusion into this case. While there is in some contexts a distinction between a formal arrest and a lesser seizure (such as a Terry stop (Terry v. Ohio, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968))) or a community caretaking stop (People v. Luedemann, 222 Ill. 2d 530 (2006)), those distinctions have no bearing on this case. The stop/arrest dichotomy is relevant to determine the length and scope of an investigation that police may impose on a seized individual, but there is no distinction between the force permissible to effect a stop and that permissible to effect an arrest. See People v. Chavez, 327 Ill. App. 3d 18, 31 (2001) (“An ‘investigatory stop is not transformed into an arrest by the officers using force’ ” and “ ‘it is the length of detention and the scope of investigation that distinguish an arrest from a stop’ ”), quoting People v. Moore, 294 Ill. App. 3d 410, 415 (1998), and People v. Young, 306 Ill. App. 3d 350, 354 (1999). The encounter between Riddell and defendant did not involve an investigation; it was limited to Riddell’s using the force necessary to seize defendant. Therefore, the stop/arrest dichotomy has no relevance here. From the moment Riddell began to use force to control defendant’s movement, defendant was arrested in the sense that he was seized, and it does not matter if that seizure could have justified a more searching accompanying investigation than could a stop. It is likely true that, if defendant had complied with Riddell from the start, the situation would have diffused, and defendant would not have been formally arrested. The fact that Riddell initially did not intend to formally arrest defendant, however, does not change the analysis. Indeed, even if defendant resisted in the same manner as the facts here indicate, but Riddell declined to formally arrest him, defendant’s actions still would have amounted to resistance to Rid-dell’s attempt to arrest him (i.e., seize him by removing him from the dance). That the encounter evolved from a seizure-arrest to a formal arrest does not render irrelevant defendant’s conduct prior to the formal arrest. Further, the charging instrument in this case would make very little sense if its use of the word “arrest” were understood to refer only to a formal arrest, and not to a seizure. It was only after defendant’s physical resistance that Riddell resolved to place defendant under formal arrest. In fact, defendant’s resistance was the ground for the formal arrest. If defendant was not under formal arrest until after he resisted, then how could Riddell have arrested him for “resisting arrest”? My broader reading of the word “arrest” as meaning “seizure” in the charging instrument is also by far the more likely interpretation under the facts of this case. The complaint against defendant was premised on his “push[ing], shov[ing] [Jefferey] Rid-dell” on the date of the dance. This language is a clear reference to the evidence that defendant pushed Riddell after Riddell took him by the arm to escort him from the dance, and it leaves no confusion as to the misconduct that defendant was alleged to have committed. In my view, the word “arrest” as it is used in this case refers to a seizure, not to a formal arrest. Thus, it should be enough to say that the evidence here showed that defendant resisted while Riddell was trying to remove him from the dance, regardless of whether Riddell’s actions amounted to a formal arrest or some lesser seizure. Although the trial court based its finding of guilt on the idea that defendant committed acts of resistance after his formal arrest, its finding in the State’s favor leaves no doubt that it would also have convicted defendant if it had read the complaint as I would read it, to refer to defendant’s pushing or shoving Riddell at some point during their encounter. Thus, I would affirm the trial court’s judgment on the basis I describe above.